UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HURST,

    Plaintiff,

v.                                                Case No. 11-10252

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                          /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION
AND ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION
TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this Supplemental Security Income disability appeal, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R&R") on January 3, 2012 that the court grant Defendant Commissioner's "Motion for Summary Judgment." Plaintiff timely filed an objection to the R&R, and the Commissioner's response merely referred the court to his brief on summary judgment. After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. See E.D. Mich. LR 7.1(f)(2). For the reasons stated in the Magistrate Judge's R&R and below, the court overrules Plaintiff's objection, adopts the R&R, grants Defendant's "Motion for Summary Judgment," and denies Plaintiff's "Motion for Summary Judgment."

Plaintiff raises only one issue in his objection to the R&R: was it an error of law for the administrative law judge ("ALJ") to find that Plaintiff's employment as a courtesy clerk at a Kroger's store constitutes past relevant work? Plaintiff argues that it is "illogical" to consider work done after the end of an alleged closed period of disability as

evidence that the work could have been done during that earlier period. (Pl.'s Objection to Report and Rec. 2, Dkt. # 15.) The period of alleged disability ended, according to Plaintiff's amended claim, at the moment he was hired by Kroger's as a courtesy clerk. The Commissioner argues that Plaintiff's work before the date of the adjudication clearly counts as past relevant work experience, pointing out that the ALJ never determined that a closed period of disability existed. (Def.'s Mot. for Summ. J. Br. 6, Dkt. # 12.) The ALJ found that "nothing in this record reveals why, if the claimant was able to perform this work as of August 31, 2007, why he could not have performed it at the time of his application date." (ALJ Opinion 5-7, Oct. 16, 2008, Dkt. # 8 at 19-20.)

The court agrees with the Magistrate Judge that past relevant work is measured 15 years back from the date of adjudication, and that the same result is reached in a closed-period case even where the relevant work began after the period of disability ended. *See* Social Security Ruling (SSR) 82-62, 1982 WL 31386, at *2 (1982). Furthermore, Plaintiff's focus on the fact that the Magistrate Judge cited unreported cases from other districts and circuits to support her R&R fails to recognize the well-established principle that unreported cases, although lacking binding precedential value, may be considered as persuasive authority. *See, e.g.*, *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 489 F. Supp. 2d 772, 778 (E.D. Mich. 2007), *vacated on other grounds by Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir. 2008). Accordingly,

IT IS ORDERED that Plaintiff's objection [Dkt. # 15] is OVERRULED and the Magistrate Judge's Report and Recommendation [Dkt. # 14] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Summary Judgment" [Dkt. #10] is DENIED and Defendant's "Motion for Summary Judgment" [Dkt. # 12] is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-10252.HURST.SocialSecurity.R&R.2.wpd